## CALVIN WASHBURN & al. versus WILLIAM G. MOSELY & al.

The statute providing that brief statements may be filed with the general issue, must be regarded as requiring a specification of matter relied upon in defence, aside from such as would come under the general issue, to be certain and precise to a common intent, as much so as if inserted in a special plea; and no proof is admissible, except in support thereof, or of the defence under the general issue.

Where the general issue is pleaded, and performance of the condition of the deed declared upon alone is specified in the brief statement as the defence relied upon, evidence to show an excuse for non-performance is inadmissible.

Where a poor debtor's bond had been given, and the debtor appeared at the town wherein the jail was situated to surrender himself to the jailer on the last day of the six months, and the creditor then agreed in writing, that if the debtor would surrender himself at a certain subsequent day, every thing should be considered the same as if the surrender had then been made, and that all matters and things in regard to the bond should be done on the latter day, as if the bond had expired on that day, and have the same effect; *it was held,* that the agreement, without performance on the part of the debtor, or offer to perform, furnished no defence to an action on the bond.

DEBT on a poor debtor's bond. The material facts appear in the opinion of the Court. The case states, that it did not appear on the trial, that Mosely had surrendered himself, or had offered to do so, after Jan. 12, 1839.

*Herbert,* for the plaintiff, contended that where the general issue is pleaded, and a brief statement of the special matter relied on in defence is filed, the defendant cannot give in evidence any special matter, which is not distinctly stated in the brief statement. It is but a substitute for special pleading. *Chase* v. *Fish,* 4 Shepl. 132; *Williams College* v. *Mallett,* ib. 84; *Brickett* v. *Davis,* 21 Pick. 404; *Shepherd* v. *Merrill,* 13 Johns. R. 475.

As the condition of the bond was in the alternative, the plea, or brief statement, should state by which the performance was made. Story's Pl. (Oliver's Ed.) 293 ; *Bailey* v. *Rogers*, 1 Greenl. 186.

The special matter of the defence must be confined to what is contained in the brief statement. And under a plea for performance, it is not competent to give in evidence an excuse for non-performance. *Chase* v. *Fish*, 4 Shepl. 132 ; 10 Peters, 343 ; 3 Wash. C. C. R. 140 ; 1 Peters, 67 ; *Worcester* v. *Eaton*, 13 Mass. R. 371 ; *Coffin* v. *Jones*, 11 Pick. 45 ; *Fullam* v. *Valentine*, Ib. 156.

If the paper, bearing date Jan. 12, 1839, is admissible, and discloses any binding agreement between the parties, it is not performance, but excuse for non-performance.

A mere extension of time of performance, not injurious to the sureties, does not discharge them in law or in equity. 1 Story's Eq. 321. But here was a mere conditional extension, and the condition was never performed.

There is no pretence that the principal is discharged by the delay given him. The defendants have joined in their pleadings, and thereby the sureties have abandoned any separate defence, had any existed. 1 Chitty's Pl. 59 ; 3 Mass. R. 310 ; 16 Johns. R. 217.

The paper is a mere proposition, not binding on the defendant, and which he might accept or refuse, and it could not discharge an obligation entered into by a sealed instrument. 10 Wheat. 554 ; 4 Greenl. 421. Without performance on his part, the writing cannot avail the defendants.

If the paper had been executed by the parties, it would not have been binding upon them for want of consideration. 12 Wheat. 551 ; Maine R. 458 ; ib. 72 ; 12 Johns. R. 190 ; 19 Johns. R. 205 ; 17 Mass. R. 129.

*C. Burbank* argued for the defendants, and contended, that Mosely's going home for the accommodation of the attorney of the plaintiffs without surrendering himself, was a sufficient

consideration. It was a benefit to the plaintiffs, and a disadvantage to the defendant in agreeing to come again.

Here was an offer to perform, and actual performance was prevented by the act of the plaintiffs. This is equivalent to actual performance, and will excuse the sureties, if not the principal.

When this paper was signed, and Mosely went home, and by its terms was not to appear again until after the time of performance had elapsed, the bond was discharged, and rendered wholly inoperative and void.

An action cannot be maintained upon a void instrument. It therefore becomes unnecessary to go into a discussion with respect to the rules of special pleading.

*Hobbs* replied for the plaintiffs.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action of debt on a bond, to which *non est factum* was pleaded, accompanied by brief statement, that the condition of the bond had been performed. Although the issue of *non est factum* had been pleaded and joined, proof of the execution of the bond would seem to have been waived. The bond appears to have been given by the defendant, Mosely, as principal, and by the other defendants as his sureties; and was conditioned that Mosely, who had been arrested for debt, among other alternatives should surrender himself to the keeper of the jail in the county of Hancock, within a specified time. The defence set up was, that he had performed this alternative. To prove it, the defendants offered in evidence a writing in the following terms; viz. " William G. Mosely of Sullivan, having appeared here in Ellsworth to surrender himself to the jailer, on a bond, *Calvin Washburn & Co.* v. *Mosely* and *Curtiss*, whose said bond expires this day, and being unable to attend to the same on the part of the creditors, on account of indisposition, it is hereby agreed, that, if the said Mosely appears at the jail in Ellsworth, on the fourth day of February next, unless said business shall be sooner adjusted between the parties, every

thing shall, on said fourth day of February, be considered the same as if said Mosely surrendered himself this day, and all matters and things be then done in regard to the said bond as if the said bond expired on said fourth day of February. It is understood by the foregoing, that, if said Mosely surrender himself on said fourth day of February to the jailer in Ellsworth, then the sureties on said bond are to be entirely released from all liability on said bond. (Signed) Calvin Washburn & Co. by George Herbert."

It was admitted at the argument, that in said writing the names " Mosely and Curtiss" were inserted by mistake, in lieu of Mosely and Hodgkins, and it was agreed that no advantage was to be taken on account thereof.

The then Chief Justice, who presided at the trial, reports that the case, which would seem to have been taken from the jury by consent, was submitted to the Court under an agreement, that, if the action should be considered as maintained, the defendants are to be defaulted ; otherwise that a nonsuit shall be entered.

The statute providing that brief statements may be filed with the general issue must be regarded as requiring a specification of matters relied upon in defence, aside from such as would come under the general issue, to be certain and precise to a common-intent, as much so as if inserted in a special plea ; and no proof is admissible, except in support thereof, or of the defence under the general issue. *Chase* v. *Fish*, 16 Maine R. 132; *Brickett* v. *Davis*, 21 Pick. 404; *Shepard* v. *Merrill*, 13 Johns. R. 475.

Performance having been alone specified in the brief statement, as the defence relied upon, we must look into the evidence, and see if it be made out. It is contended by the counsel for the defendants, that by the writing aforesaid, it appears that Mosely offered to perform, and by the plaintiffs was prevented from performing, the alternative before named ; and that this was virtually a performance of it. But to us it seems to be at most but an excuse for non-performance, which, if it could avail the defendants, should have been set out

specifically as the ground of defence in the brief statement. *Coffin* v. *Jones,* 11 Pick. 45.

But the agreement on the part of the plaintiffs, if at all binding upon them, was conditional. It was, if Mosely should appear at a future day and surrender himself, &c., but Mosely never did so appear. This cannot, therefore, be deemed an executed contract, the condition never having been performed. It is therefore unnecessary to consider whether, in the event of performance, it could have had any binding efficacy upon the plaintiffs.

*A default must be entered.*